UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **WILLIAM C. JENKINS** | **CIVIL ACTION NO. 06-2281-P** |
| **VERSUS** | **JUDGE HICKS** |
| **FORCHT WADE CORRECTIONAL CENTER, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION[1]

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff William C. Jenkins ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on November 30, 2006. Plaintiff is incarcerated at the Forcht Wade Correctional Center in Keithville, Louisiana, and he alleges his civil rights were violated by prison officials. He names the Forcht Wade Correctional Center, Anthony Batson, Captain Lockey, Captain Horton and Sgt. Ladin as defendants.

Plaintiff claims that on September 7, 2006, he was escorted to the skilled nursing facility by Captain Lockey for a medical call out. He claims that because he did not have a legitimate call out, he was placed in a holding area with six other inmates. He claims he was

---

[1] This decision is not intended for commercial print or electronic publication.

in full restraints while the other inmates were not restrained. He claims that once security left, inmate Monie Resier attacked him. He claims his head and face were injured and his chin required stitches.

Plaintiff claims Warden Batson denied him due process in the administrative remedy procedure because he denied him relief.

As relief, Plaintiff seeks monetary and punitive damages and a transfer to another facility.

For the reasons that follow, Plaintiff's complaint should be dismissed as frivolous.

## LAW AND ANALYSIS

**Failure to Protect**

The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged inmate violence is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

"It is not, however, every injury suffered by a prisoner at the hands of another that translates into constitutional liability for prison officials." Farmer, 114 S.Ct. at 1977. Instead, to prevail on a claim based on a failure to protect, the inmate must show that he is incarcerated "under conditions posing a substantial risk of serious harm" and that the

defendant prison officials were deliberately indifferent to the inmate's health and safety. Id. at 1977-78. The test for deliberate indifference is a subjective one. Thus, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of fact from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1979.

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding of deliberate indifference. Plaintiff does not allege that he was personally subject to an excessive risk of attack, nor does he allege prison officials were aware of any excessive risk posed him by the attacking inmate prior to the actual attack. As such, Plaintiff has not shown that Defendants disregarded a risk to his safety by failing to take reasonable measures to abate it. Farmer, 114 S.Ct. 1970. Accordingly, the actions on the part of the prison officials do not evidence an attitude of deliberate indifference.

**Administrative Remedy Procedure**

Plaintiff complains his grievance was rejected in violation of his constitutional rights. Inmates do not have a constitutionally protected right to a prison administrative grievance procedure. See Oladipupo v. Austin, et al., 104 F.Supp.2d 626 (United States District Court, Western District of Louisiana 4/24/00); Brown v. Dodson, et al., 863 F. Supp. 284 (United

States District Court, Western District of Virginia 6/2/94); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). A prison official's failure to comply with a state administrative grievance procedure is not actionable under § 1983 because a state administrative grievance procedure does not confer any substantive constitutional right upon prison inmates. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231. Furthermore, state administrative grievance procedures are separate and distinct from state and federal legal procedures. Thus, insofar as Plaintiff alleges that Warden Batson failed to comply with the prison administrative grievance procedure and denied him due process, those allegations, standing alone, do not provide an arguable basis for recovery under Section 1983.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

The Court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in fact and law.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 22nd day of March, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE